UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                                Case No. 20-mc-50358

CHAKA R. POWELL,

   Defendant.

### ORDER DENYING DEFENDANT'S REQUEST FOR A HEARING ABOUT THE GARNISHMENT AND CLAIM FOR EXEMPTIONS

### BACKGROUND

Chaka Powell filed the above entitled request.

On January 30, 2012 Powell pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. *(United States v Jonathone J. Johnson, et al.,* case number 2:08CR20384-02, Plea Agreement, Doc. No. 153) In her Plea Agreement, Powell agreed to allow the Court to determine at sentencing, the full amount of restitution owed as a joint and several obligation by Powell and her co-defendants (*US v Johnson, et al* case number 2:08CR20384-02, Plea Agreement, Doc. No. 153 PgID 680).

At sentencing, the Court ordered a joint and several restitution payment of $553,780, to Bank of America, Aegis Wholesale and the FDIC.

1

(US *v Johnson,* case number 2:08CR20384-02, Judgment, Doc. No.181). To date a total of $17,075 has been collected for restitution. Of that amount, Powell has paid $4,463.84. To secure payment of her outstanding restitution obligation, the United States obtained a writ of garnishment from the State of Michigan for Powell's future State of Michigan income tax refunds and/or lottery winnings. (R. 1, 4) This request followed. Powell seeks only "to be placed in a payment plan." ECF 8, page 43.

### **ANALYSIS**

By statute, a court can address only three issues at the type of hearing requested by Powell: 1) the validity of exemption claims; 2) compliance with statutory requirements for the issuance of the Writ of Continuing Garnishment; and, 3) in instances of default judgment, whether the claim underlying the judgment is valid and whether good cause exists for setting it aside. 28 U.S.C. § 3302(d)(1)-(3). The third circumstance does not even apply here, and Powell's request does not address either of the other issues. Indeed, it does not appear from her filing that Powell objects to the garnishment of future refunds and lottery winnings; she seeks only "to be placed back in a payment plan."

Powell made regular payments of $50 per month while on supervision, which ended March 14, 2017. She made only one payment of $25 during the 2019 calendar year, and a total of $325 in 2020. She made her last payment on December 3, 2020.

In an effort to determine an appropriate payment plan going forward, the United States says it sent Powell a request to complete a financial statement and to produce documents regarding her income and expenses, assets and liabilities. It appears the Government is amenable to working out the kind of payment plan Powell requests and the parties are free to negotiate the terms of a payment plan. Additionally, without Powell's current financial information before it, the Court is not in a position to participate in the development of a payment plan. But the terms of any payment plan can be negotiated and there is no need for a hearing before the Court.

**CONCLUSION**

The Court denies Powell's request for a hearing. There is no basis to hold one. The State of Michigan Department of Treasury is ordered to withhold income tax refunds and/or lottery winnings that may become due and payable to Chaka Powell, and remit those funds to the Clerk of the

Court for application against the judgment in case number 2:08CR20384-02.

**ORDERED**.

                                              s/ Victoria A. Roberts  
                                              Victoria A. Roberts  
                                              United States District Judge

Dated:  12/29/2020